**No. 44475.**—Protest 1984–K of General Shipping & Trading Co. (New York).

CLINE, Judge: In this suit against the United States the plaintiff seeks to recover $26.85, which was additional duty assessed by the collector of customs at the rate of 10 per centum ad valorem under section 304 (b) of the Tariff Act of 1930 on the ground that the merchandise was not legally marked when imported.

The plaintiff claims that seven casks of olive oil, upon which the additional duty was assessed were exempt from the marking requirement by regulations of the Secretary of the Treasury because the oil was imported for the importer's use, and that the additional duty should not have been assessed on the grounds that the merchandise was not properly marked.

The merchandise was imported on February 11, 1938, and the case involves the application of article 532 (3) of the Customs Regulations of 1937 which regulations were in force at the time of the entry of the merchandise herein involved. That provision reads as follows:

**Art. 532. Exceptions to marking requirements.**—(a) The following articles and their containers and the packages in which imported are hereby excepted from the marking requirements of section 304 and paragraphs 354, 355, 357, 358, 359, 360, 361, 367, 368, and 1553 of the tariff act.

\*          \*          \*          \*          \*          \*          \*

(3) Articles of trifling value or for the personal use of the importer or for use in his home, factory, or place of business and not intended for sale.

At the trial Mr. Frank Azzaretto, the consignee of the shipment, was called as a witness by the plaintiff. He testified that he inspected the merchandise at the dock and found that the barrels were marked "Produtto Italiano" or "Produtto Italia," he could not remember which; that he ordered the olive oil for personal use of himself and his family; that he obtained the money for the purchase of the oil from members of this family; that when the merchandise was delivered a barrel was sent to each one of the homes of his family who joined in the purchase; that one barrel received by him was used for cooking purposes and the other members of this family who received the other six barrels of oil used it for cooking purposes. On cross-examination he testified that his relatives who received the olive oil, except the one barrel he received, were cousins, father-in-law, etc.; that he knew his relatives used the oil for cooking purposes but he did not see all of it used because a barrel lasts a whole year for a family.

On this state of the record it appears that the consignee ordered only one barrel of olive oil for use in his own home and he ordered the other six barrels for the use of other families. It is manifest that the six casks or barrels of oil, which he ordered for his relatives and which were sent to their homes and were used by them, were not "imported for the personal use of the importer or for use in his home" within the purview of the regulation above quoted. Six casks or barrels of olive oil covered by the shipment, therefore, were not within the exemption and the protest relative thereto is overruled.

We find from the record that one cask or barrel of the imported olive oil was imported for the use of the importer in his home. In the case of *Okonite Co.* v. *United States*, Abstract 42270, telephone equipment imported by the importer for use in his factory was held to be within the exemption to the marking requirement in article 513 (3) of the Customs Regulations of 1931, and, in *Japan Tourist Bureau* v. *United States*, Abstract 42610, moving picture films imported for use in the office of the importer were held to be exempt from the marking requirements by article 532 (3) of the Customs Regulations of 1937. In both of those cases the collector reported to the court in answer to the protest that the marking duty should not have been assessed because the merchandise was exempt from the marking requirement. Another similar case is *Belgian Consulate* v. *United States*, Abstract 42643, in which case the subject of the suit was moving picture films imported for the use of the importer. The court held that the films were exempt from marking by article 532 (3) of the Customs Regulations of 1937 and that they were not subject to tax under section 304 (b) of the Tariff Act of 1930.

While the marking on the one cask or barrel of olive oil which the importer personally received and used in his home was not within the statutory requirement, because it was not in the English language, we hold, on the authority of the decisions cited, that the collector erred in assessing the additional marking duty thereon because the oil was imported by the importer for personal use in his home and was exempt from the marking requirement under article 532 (3) of the Customs Regulations of 1937. As to one cask of olive oil, the protest is sustained, and, to that extent, judgment will be entered in favor of the plaintiff.